[Crim. No. 230. In Bank.—February 11, 1898.]

THE PEOPLE, Respondent, v. CHARLES MARSHALL, Appellant.

CRIMINAL LAW—HOMICIDE—INSTRUCTION AS TO DEGREES—REASONABLE DOUBT —CONSTRUCTION OF CHARGE—DUTY OF DEFENDANT.—Upon the trial of a defendant accused of murder in the first degree, an instruction that, if the evidence warrant it, the jury may find the defendant guilty of murder in the first degree, murder in the second degree, or manslaughter, and should the jury entertain a reasonable doubt as to which of the grades of crime named the defendant may be guilty of, if any, they must acquit him of the higher offense; and, should the jury have a reasonable doubt as to the defendant being guilty of the two degrees of murder and manslaughter also, they must acquit, could not be understood by the jury as instructing them to convict of murder in the second degree if they were in doubt as to either of the three grades; and if the defendant desired to have the instruction made more explicit on that point, it was his duty to ask that it be made so, and where, considering the entire charge of the court, there could have been no prejudice to the defendant from the language complained of, it is no ground of reversal.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

R. E. Bledsoe, and Benjamin F. Bledsoe, for Appellant.

William F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

BEATTY, C. J.—The defendant, having been convicted of murder in the second degree, appeals from the judgment.

The only error assigned is the giving of the following instruction: "Under the information in this case, this jury may, if the evidence warrant it, find the defendant guilty of murder in the first degree, murder in the second degree, or manslaughter. Should the jury entertain a reasonable doubt as to which of the grades of crime named the defendant may be guilty of, if any, they must give the defendant the benefit of such doubt, and acquit him of the higher offense. Should the jury have a reasonable doubt as

to the defendant being guilty of the two degrees of murder, and manslaughter also, as just mentioned, they must acquit."

The argument of counsel is in effect that the jury must have understood from this instruction that if they were in doubt whether defendant was guilty of murder of the first degree, or murder of the second degree, or manslaughter, they should convict of murder in the second degree. We do not think the instruction could have been so understood by the jury. It may not have been as clear in favor of the defendant as he would have had a right to demand, but if he was dissatisfied with the form in which it was put by the court he had the right, and it was his duty, to demand a more explicit instruction. We think, considering the entire charge of the court, there could have been no prejudice to the defendant by the language complained of.

Judgment affirmed.

McFarland J., Van Fleet, J., Temple, J., and Henshaw, J., concurred.